UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA M. GERJETS, T.A.T., B.R.S., and B.S.U.,<br><br>Defendants. | CASE NO. 19-cv-5912-RJB<br><br>ORDER GRANTING DEFENDANT ANDREA M. GERJETS'S MOTION TO STAY |

THIS MATTER comes before the Court on Defendant Andrea M. Gerjets's ("Ms. Gerjets") Motion to Stay. Dkt. 21. The Court is familiar with the motion, materials filed in support and opposition thereto, and the remainder of the record herein. For the reasons set forth below, the Motion to Stay should be granted.

## I.     BACKGROUND & FACTS

This case is an insurance coverage dispute. Dkt. 10. Plaintiff Government Employees Insurance Company ("GEICO") argues that it has no duty to defend Ms. Gerjets against claims made by plaintiffs in an underlying case. Dkts. 10; and 24. In the underlying case, the plaintiffs allege, in part, that, between 2009 and 2013, while they were under the age of 18, Richard Gerjets (Ms. Gerjets's late husband) engaged in inappropriate sexual contact with them while acting in his capacity as a member of the Keyport Bible Church's congregation, for which he

ORDER GRANTING DEFENDANT ANDREA M. GERJETS'S MOTION TO STAY - 1

frequently volunteered to lead, organize, and participate in church-related activities involving children. Dkt. 22-1, at 13 *et seq*. The underlying plaintiffs allege further that, "[t]he inappropriate sexual contact Richard Gerjets perpetrated on plaintiffs was proximately caused by or proximately contributed to by Andrea Gerjets' failure to fulfill her duty to protect plaintiffs from harm when they were on her property." Dkt. 22-1, at 16.

This order next provides the factual backgrounds of the insurance policy GEICO issued to the Gerjets, an underlying case, a related case, and the instant Motion to Stay.

**A. INSURANCE POLICY**

GEICO issued Washington Family Automobile Insurance Policy number 0774-17-97-09 ("Policy") to Ms. Gerjets and Richard Gerjets (referred to collectively as the "Gerjets"), in effect December 10, 2008, to June 10, 2014. Dkts. 10, at 2; and 20-2 (providing a copy of the Policy). The Policy apparently includes liability coverage for a trailer owned by the Gerjets. Dkt. 10, at 2.

The Policy provides, in part, the following terms:

> **SECTION I – VACATION LIABILITY COVERAGE-**This coverage is a supplement to the **Section I-Liability Coverages** in the GEICO automobile insurance policy.
>
> **DEFINITIONS**
>
> * * * * *
>
> ***Occurrence*** means an accident or event, including continuous or repeated exposure to conditions, which results in ***bodily injury*** or property damage neither expected nor intended from the standpoint of the ***insured*** and the commission of an offense, or a series of similar related offenses that arise out of the ownership maintenance, or use of an ***owned*** or ***non-owned auto*** while at an ***insured location.***
>
> * * * * *
>
> **SECTION I – VACATION LIABILITY COVERAGE – LOSSES WE WILL PAY**

> We will defend or pay damages under this endorsement, other than punitive or exemplary damages, which an *insured* becomes legally obligated to pay because of *bodily injury* or property damage resulting from an *occurrence* at an *insured location.*
>
> * * * * *
>
> **EXCLUSIONS**
> All exclusions in **Section 1-Liability Coverages** of the GEICO automobile insurance policy apply to **Vacation Liability Coverage.**
> We will not pay damages or defend under this endorsement if any one of the following exclusions apply.
>
> **Section I** does not apply to:
>
> * * * * *
>
> G. *Bodily injury* transmitted by an *insured* through sexual contact.
>
> * * * * *
>
> J. *Bodily injury* or property damage arising out of sexual molestation, corporal punishment, or physical or mental abuse.

Dkt. 10, at 3–4 (emphasis in original).

The operative complaint provides that the Policy's liability coverage for the trailer incorporates by reference all of the exclusions contained in "Section 1-Liability Coverages of the Policy," including, in part, an exclusion that "*Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered." Dkt. 10, at 4 (emphasis in original).

**B. UNDERLYING CASE**

The underlying case is *T.A.T., et al. v. Keyport Bible Church, et al.,* 18-2-02688-18 (Kitsap Ct. Super. Ct. 2018). The underlying plaintiffs allege claims of inappropriate sexual contact against Richard Gerjets and negligence against Ms. Gerjets. Dkt. 22-1, at 13 *et seq*.

The operative complaint provides that GEICO was informed that the alleged inappropriate sexual contact of Richard Gerjets may have occurred, at least in part, "in a vehicle" insured by GEICO. Dkt. 10, at 4–5. The operative complaint notes that "GEICO performed an investigation and learned that the Underlying Plaintiffs claimed that multiple incidents of abuse occurred in a trailer owned by Gerjets" and that GEICO therefore "agreed to provide a defense [to Ms. Gerjets for] the Underlying Lawsuit subject to a complete reservation of rights." Dkt. 10, at 5. Ms. Gerjets indicates that GEICO is sharing the cost of her defense in the underlying case with two other insurers, Civil Service Employees Insurance Company ("CSE") and Travelers Insurance Company. Dkts 21; and 22, at 2.

Counsel for Ms. Gerjets provides that, "The underlying litigation is rapidly approaching …. [with] a July 2020 trial date. The parties in the underlying matter are in the course of attempting to agree to a mediation before the July 2020 trial to attempt to globally resolve the underlying litigation." Dkt. 22, at 2.

C. **RELATED CASE**

The related case is *Civ. Serv. Employees Ins. Co. v. Gerjets, et al.,* 20-cv-5071-RJB (W.D. Wash. 2020), another insurance coverage dispute related to the underlying case. Dkt. 22-1, at 2 *et seq*. The related case's complaint provides that CSE issued a homeowners insurance policy to the Gerjets, effective August 1, 2008, to August 1, 2013. Dkt. 22-1, at 3. The related complaint provides that plaintiffs in the underlying case alleged that "some of the inappropriate sexual contact took place in the Gerjets residence, while the plaintiffs were social guests of Mrs. Gerjets, and that she breached her duty to protect them from dangerous conditions on her premises …, including Richard Gerjets' proclivity for engaging in inappropriate sexual contact with minor boys." Dkt. 22-1, at 4. CSE indicates that Ms. Gerjets tendered the underlying

complaint to CSE for defense, and "CSE agreed to participate in her defense [in the underlying case] subject to a reservation of CSE's rights as to coverage." Dkt. 22-1, at 4.

CSE filed the related lawsuit against Ms. Gerjets and the underlying plaintiffs. Dkt. 22-1, at 2. The related complaint requests declaratory judgment that (1) CSE's policy provides no coverage to Ms. Gerjets for the underlying plaintiffs' claims, (2) CSE has no duty to defend Ms. Gerjets for the underlying plaintiffs' claims, (3) CSE may withdraw its defense for Ms. Gerjets, and (4) CSE has no duty to indemnify Ms. Gerjets in connection with a judgment or settlement as to the underlying plaintiffs' claims. Dkt. 22-1, at 10–11.

Ms. Gerjets indicates that she will file a forthcoming Motion to Consolidate the instant case with the related case. Dkt. 21, at 3–5.

**D. PENDING MOTION**

Ms. Gerjets filed the instant Motion to Stay. Dkt. 21. Ms. Gerjets requests a stay until final adjudication of the underlying case. Dkt. 21, at 3. In the alternative to a stay until final adjudication of the underlying case, Ms. Gerjets requests a stay until resolution of her forthcoming Motion to Consolidate. Dkt. 21, at 3–5. GEICO filed a response in opposition to the Motion to Stay. Dkt. 24. Ms. Gerjets filed a reply. Dkt. 27.

## II. DISCUSSION

**A. STAY OF PROCEEDINGS STANDARDS**

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

When there is an independent proceeding related to a matter before a trial court, the Ninth Circuit has held that a trial court may "find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983). For a stay to be appropriate, it is not required that the issues of such proceedings are necessarily controlling of the action before the court. *Id.* However, a stay may be improper where the independent proceeding is "unlikely to decide, or contribute to the decision of, the factual and legal issues" in the action for which the stay is requested. *Lockyer*, 398 F.3d 1098 at 1113. In deciding whether to abstain, the Ninth Circuit instructs courts to consider "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether use of a declaratory action will result in entanglement between the federal and state court systems." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, n.5 (9th Cir. 1998). Indefinite stays are disfavored by courts. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

In determining whether to issue a stay based upon the outcome of a case involving different litigants, a court must weigh three relevant interests: (1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

**B. STAY OF PROCEEDINGS ANALYSIS**

The Court should grant Ms. Gerjets's request to stay proceedings.

1. Possible Damage that May Result from the Granting of a Stay

If a stay of proceedings is granted, GEICO may have to continue sharing the cost of Ms. Gerjets's defense in the underlying case. Therefore, to the extent that coverage is not warranted, this factor weighs in favor of denying a stay of proceedings.

GEICO contends that coverage is not owed, even if the underlying allegations against Ms. Gerjets are true. Dkt. 24, at 6. The issue of coverage, however, is more appropriate for discussion with respect to GEICO's Motion for Summary Judgment (Dkt. 19), which is pending but not yet ripe for consideration. The parties filed a stipulated motion to extend the noting date of the Motion for Summary Judgment to March 20, 2020, which the Court granted. Dkts. 26; and 28. At this time, the Court need not decide or further discuss the issue of coverage.

2. The Hardship or Inequity that a Party May Suffer in Being Required to Go Forward

In considering whether to grant a stay when there is an underlying third-party action against an insured, such as here, courts in this district have weighed the following concerns:

> The first concern is that by bringing the action for declaratory judgment regarding coverage, the insurer effectively attacks its insured and thus gives aid and comfort to the claimant in the underlying suit. The second concern is that the suit addressing insurance coverage forces the insured to fight a two-front war, thereby expending its resources fighting both the insurer and the third-party action, which undercuts one of the primary reasons for purchasing liability insurance. The third concern is the real risk that, if the declaratory relief action proceeds to judgment before the underlying action is resolved, the insure[d] could be collaterally estopped to contest issues in the latter by the results in the former.

*Federal Ins. Co. v. Holmes Weddle & Barcott P.C.*, 2014 U.S. Dist. Lexis 12456, *9-10, 13-cv-0926-JLR (W.D. Wash. Jan. 31, 2014) (quoting *Allied Prop. and Cas. Ins. Co. v. Roberts*, No.

2:11-cv-00740-MCE-KJN, LEXIS 132239, 2013 WL 5230259, at *3 (E.D. Cal. September 16, 2013)).

All three of these concerns exist here. First, GEICO effectively aids and comforts the plaintiffs in the underlying case by maintaining this action—on which Ms. Gerjets's defense in the underlying action may depend. Second, Ms. Gerjets is not only facing the instant coverage dispute and the underlying case, but also the related coverage dispute with CSE—in effect, she is fighting a three-front war. Finally, to the extent that resolving this case would require finding facts significant to the underlying case, there may be some risk that deciding this case could prejudice Ms. Gerjets's defense in the underlying case.

Moreover, the Court observes that Ms. Gerjets has much at stake in the underlying case. Ms. Gerjets's reply brief contends that, "[i]f Ms. Gerjets is found liable for the harm alleged by the plaintiffs in the underlying matter, it will destroy her reputation; damage or destroy her relationships with her friends, family and community; and cause her severe emotional distress for the remainder of her life." Dkt. 27, at 4. Even if GEICO were not sharing the cost of Ms. Gerjets's underlying defense, the cost of defense for GEICO is almost certainly much less of a hardship or inequity than the hardship that Ms. Gerjets would face if her defense in the underlying case were prejudiced here.

Therefore, this factor weighs heavily in favor of granting a stay of proceedings.

3. <u>The Orderly Course of Justice Measured in Terms of the Simplifying or Complicating of Issues, Proof, and Questions of Law that Could be Expected from a Stay</u>

Ms. Gerjets contends that a stay would simplify issues because adjudication of the underlying lawsuit "will resolve many of the factual and evidentiary disputes at issue here," including coverage issues such as where the alleged inappropriate sexual contact took place and how the Gerjets's vehicle factors into the alleged abuse. Dkt. 21, at 11–12.

On the other hand, GEICO argues that the "coverage issues presented by this case are questions of contract interpretation" and that the underlying lawsuit "will not resolve, or even help resolve, whether or not Ms. Gerjets' liability is covered by the GEICO policy." Dkt. 24, at 11. GEICO further contends that, "[w]ith coverage questions pending but unresolved, the settlement negotiations will be clouded with uncertainty. Ms. Gerjets will have to make difficult settlement decisions without knowing whether her insurers will pay for any settlement to which she agrees." Dkt. 24, at 11.

This factor is mixed but slightly favors Ms. Gerjets's position. The risk of factual overlap between the cases appears slight because "GEICO is seeking a legal ruling about its coverage obligations *assuming* that all underlying allegations are true." Dkt. 24, at 5 (emphasis in original). Additionally, it is possible that the unresolved issue of coverage could impede settlement discussions in the underlying case. The Court observes that Ms. Gerjets claims to be a person of limited means, Dkt. 21, at 3 ("Ms. Gerjets is a retired, 70-year old woman. She is not employed and lives on the approximately $3,400 per month she receives from her social security, pension, and a monthly payment from the sale of her home."), and it remains unclear what effect a judgment would have against her without insurance coverage.

However, this case may be simplified by a clear determination of liability in the underlying case. A stay would certainly simplify proceedings because the Court would not have to be concerned with prejudicing Ms. Gerjets in the underlying case.

Therefore, this factor weighs slightly in favor of granting a stay of proceedings.

4. Conclusion

Analysis of the factors above yields mixed results. Although the first factor may weigh in favor of denying a stay of proceedings, the remaining two factors outweigh it in favor of granting

a stay of proceedings. Therefore, the Court should grant Ms. Gerjets's request for a stay of proceedings in this case until final adjudication of the underlying case. Within two weeks of the final adjudication of the underlying case, but no later than September 4, 2020, the parties should file a status update with the Court.

Because the Court should grant Ms. Gerjets's request to stay proceedings until final adjudication of the underlying case, the Court need not consider Ms. Gerjets's alternative request to stay proceedings until Ms. Gerjets's forthcoming Motion to Consolidate.

### III. ORDER

**THEREFORE**, it is **HEREBY ORDERED** that:

- Defendant Andrea M. Gerjets's Motion to Stay (Dkt. 21) is **GRANTED;**
- This case is **STAYED** and all pending motions are **STRICKEN WITHOUT PREJUDICE**; all stricken motions may be renoted, if appropriate, after the conclusion of the stay; and
- The parties shall file a status report with the Court within two weeks of final adjudication in the underlying case, *T.A.T., et al. v. Keyport Bible Church, et al.*, 18-2-02688-18 (Kitsap Ct. Super. Ct. 2018), but no later than **September 4, 2020**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of March, 2020.

ROBERT J. BRYAN
United States District Judge